**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 18-4263**

_____

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

 v.

DOUGLAS FLOYD,

  Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge.  (1:10-cr-00153-RDB-1)

_____

Submitted:  October 23, 2018                       Decided:  November 16, 2018

_____

Before KEENAN, THACKER, and RICHARDSON, Circuit Judges.

_____

Dismissed in part, affirmed in part by unpublished per curiam opinion.

_____

James Wyda, Federal Public Defender, Baltimore, Maryland, Meghan Skelton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Zachary B. Stendig, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Floyd appeals the district court's judgment revoking his supervised release and sentencing him to six months' imprisonment and six months of supervised release. He argues on appeal that his revocation sentence is plainly unreasonable. During the pendency of this appeal, Floyd was released from incarceration and began serving the six-month term of supervised release. For the reasons that follow, we dismiss the appeal in part and affirm in part.

We may address sua sponte whether an issue on appeal presents "a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (internal quotation marks omitted). Because Floyd already has served his term of imprisonment, there is no longer a live controversy regarding the length of his confinement. Therefore, his challenge to the district court's decision to impose the six-month prison term is moot. *See United States v. Hardy*, 545 F.3d 280, 283–84 (4th Cir. 2008). We thus dismiss the appeal in part as moot. However, because Floyd is serving a term of supervised release, we retain jurisdiction to review his challenge to that term.

"We will not disturb a district court's revocation sentence unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). In making such a determination, "we strike a more deferential appellate posture than we

do when reviewing original sentences." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted). "Nonetheless, the same procedural and substantive considerations that guide our review of original sentences inform our review of revocation sentences as well." *Id.* (internal quotation marks and alteration omitted).

A supervised release revocation sentence is procedurally reasonable if the district court has considered the Sentencing Guidelines' Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case, *see* 18 U.S.C. § 3583(e) (2012); *Padgett*, 788 F.3d at 373, and has adequately explained the sentence chosen, although it need not explain the sentence in as much detail as when imposing an original sentence. *Thompson*, 595 F.3d at 547. When imposing a revocation sentence, however, a district court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this Court can meaningfully consider the procedural reasonableness" of the sentence imposed. *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017); *see United States v. Moulden*, 478 F.3d 652, 657-58 (4th Cir. 2007) (addressing the touchstones of a sufficient explanation for a revocation sentence).

A revocation sentence is substantively reasonable if the district court sufficiently states a proper basis for concluding the defendant should receive the sentence imposed. *Slappy*, 872 F.3d at 207. Only if we find a sentence unreasonable must we decide whether it is "plainly" so. *Moulden*, 478 F.3d at 657. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. *Id.*

3

Floyd argues that his six-month term of supervised release is plainly unreasonable because the district court failed to consider and explain in a sufficiently detailed manner why it rejected the parties' arguments for termination of supervised release following incarceration. We conclude after review of the record that this argument is without merit.

The district court's comments at the revocation hearing make clear that it listened to and considered the assessment of the probation officer and the arguments made by counsel for both parties. Nevertheless, the court rejected the parties' proposal to terminate supervised release following a period of incarceration and imposed a six-month term of supervision in light of Floyd's history of non-compliance with the terms of his supervision, his drug addiction, and the danger to the public posed by its exposure to a recidivist and drug-addicted supervisee. These reasons are easily matched to factors appropriate for consideration, namely, the nature and circumstances of Floyd's violative conduct, his history and characteristics, the need for the sentence to protect the public, and the sanctioning of Floyd's breach of trust while on release, *see* 18 U.S.C. § 3553(a)(1), (2)(C); U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."), and were tied to Floyd's particular situation. The district court adequately explained its rationale for imposing the six-month term, *see Moulden*, 478 F.3d at 657-58. Floyd fails to establish that his supervised release term is unreasonable. The sentence thus does not qualify as plainly unreasonable.

4

Accordingly, we affirm the district court's judgment in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*